David L. Snyder (5936)
SNYDER & SNYDER, LLP
94 White Plains Road
Tarrytown, NY 10591
(914) 333-0700
*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

------------------------------------------------------------X
:
GLOBAL SIGNAL ACQUISITIONS LLC and : 11 Civ. _____
GLOBAL SIGNAL ACQUISITIONS IV LLC, :
:
Plaintiffs, :
    - against - : COMPLAINT FOR
: DAMAGES AND
: EQUITABLE RELIEF
NASSAU BROADCASTING HOLDINGS INC., : WITH DEMAND FOR
NASSAU TOWER HOLDINGS LLC, NASSAU : JURY TRIAL
TOWER REALTY LLC, and NASSAU :
BROADCASTING I, LLC : ECF Case
:
Defendants. :
:
------------------------------------------------------------X

## COMPLAINT FOR BREACH OF CONTRACT
## AND ACTION FOR SPECIFIC PERFORMANCE

Plaintiffs Global Signal Acquisitions LLC and Global Signal Acquisitions IV LLC by their undersigned attorneys, Snyder & Snyder, LLP as and for their complaint allege as follows:

### Nature of the Action

1. This Complaint seeks equitable relief in the form of an Order directing Defendants to specifically perform their contractual duty to execute and deliver sixteen (16) unique land easements to Plaintiff, Global Signal Acquisitions IV LLC, and further directing Defendants to pay all amounts due Plaintiff, Global Signal Acquisitions LLC under four (4)

separate maintenance agreements, together with exemplary damages, interest, costs and expenses including without limitation reasonable attorneys' fees.

## Jurisdiction and Venue

2.  Plaintiff, Global Signal Acquisitions LLC is a limited liability company formed under the laws of the State of Delaware, having its principal place of business in the State of Pennsylvania. For diversity purposes, Global Signal Acquisitions LLC is a citizen of the State of Pennsylvania.

3.  Plaintiff, Global Signal Acquisitions IV LLC is a limited liability company formed under the laws of the State of Delaware, having its principal place of business in the State of Pennsylvania. For diversity purposes, Global Signal Acquisitions, LLC is a citizen of the State of Pennsylvania.

4.  Both Plaintiffs are duly formed and validly existing limited liability companies whose members do not include any residents of the State of New Jersey.

5.  Defendant, Nassau Broadcast Holdings, Inc. is, and at all times relevant was, a corporation formed under the laws of the State of New Jersey, having its principal place of business in the State of New Jersey. For diversity purposes, Nassau Broadcast Holdings, Inc. is, upon information and belief a citizen of the State of New Jersey.

6.  Defendant, Nassau Tower Holdings LLC is, and at all times relevant was, a limited liability company formed under the laws of the State of New Jersey, having its principal place of business in the State of New Jersey. For diversity purposes, Nassau Tower Holdings LLC is, upon information and belief a citizen of the State of New Jersey.

7.  Defendant, Nassau Tower Realty LLC is, and at all times relevant was, a limited liability company formed under the laws of the State of New Jersey, having its principal place of

business in the State of New Jersey. For diversity purposes, Nassau Tower Realty LLC is, upon information and belief a citizen of the State of New Jersey.

8. Defendant, Nassau Broadcasting I, LLC is, and at all times relevant was, a limited liability company formed under the laws of the State of New Jersey, having its principal place of business in the State of New Jersey. For diversity purposes, Nassau Broadcasting I, LLC is, upon information and belief a citizen of the State of New Jersey.

9. The jurisdiction of this court over the subject matter of this action is predicated on 28 U.S.C.A. §1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. The claims herein arose in this District. Venue therefore is proper in this District pursuant to 28 U.S.C.A. §1391(a)(2).

## Background Facts

### The Easement Agreement

11. On or about May 20, 2008, Plaintiff, Global Signal Acquisitions IV LLC and all four (4) Defendants entered into a letter agreement requiring Defendants to execute 16 easements, which easements would provide Plaintiff with ingress and egress to radio towers and related equipment owned by Plaintiff. A copy of said letter agreement is attached hereto as Exhibit 1 and incorporated herein as if set forth in full (hereafter the "Easement Agreement").

12. The Easement Agreement is supported by valuable consideration, including mutual promises to perform, and recites the fact that it is binding upon the parties "[f]or and in consideration of One Hundred Dollars paid[.]"

13. Exhibit A of the Easement Agreement sets forth the model form of easement to be prepared by Plaintiff and executed by Defendants.

14. Exhibit B of the Easement Agreement identifies the site address, and state and county where each of the 16 easements is located.

15. Exhibit C of the Easement Agreement identifies the agreed upon purchase price for each easement, and identifies which Defendant is required to deliver each of the subject easements.

16. As specified in Section 2 of the Easement Agreement, the total agreed upon net purchase price for all 16 easements is $456,000.00.

17. All 16 easements required to be executed by Defendants have been prepared by Plaintiff Global Signal Acquisitions IV LLC and delivered to the respective Defendants. A copy of each easement required to be executed by Defendants is attached hereto as Exhibits 2 through 17. Each easement contains a legal description and survey of the respective easement to be provided by Defendants.

18. Defendants have never objected to the legal description, survey description or proposed form of any of the 16 easements.

19. By letter dated October 5, 2010, Plaintiff Global Signal Acquisitions IV LLC through its undersigned counsel demanded that Defendants honor their respective obligations under the Easement Agreement. Defendants have in all respects declined to abide by their obligations under the Easement Agreement.

20. Plaintiff Global Signal Acquisitions IV LLC is ready, willing, and able to fully perform all of its obligations under the Easement Agreement.

## Maintenance Agreement 1

21. On or about December 19, 2005, Plaintiff, Global Signal Acquisitions LLC and Defendant, Nassau Tower Holdings, LLC entered into an agreement entitled "Maintenance Expense and Utilities Agreement" pursuant to which Plaintiff agreed to provide various maintenance services to Defendant for a radio tower located at North Post Road, West Windsor, New Jersey. A copy of said agreement is attached hereto as Exhibit 18 and incorporated herein as if set forth in full (hereafter "Maintenance Agreement 1").

22. Maintenance Agreement 1 has a term of 30 years and commenced on December 19, 2005.

23. Section 4.1 of Maintenance Agreement 1 requires an annual payment of $3,000.00 by Nassau Tower Holdings, LLC to Global Signal Acquisitions LLC, which is due on December 19th of each year that the agreement is in effect.

24. Section 5.3 of Maintenance Agreement 1 provides that in the event of a dispute the prevailing party shall be entitled to costs and expenses including without limitation reasonable attorneys' fees.

25. Despite repeated requests by Plaintiff, Nassau Tower Holdings, LLC has failed to make the last three (3) annual payments due under Maintenance Agreement 1, totaling $9,000.00.

26. As a result of this breach, Nassau Tower Holdings, LLC currently owes Global Signal Acquisitions LLC $9,000.00 plus the balance due for the remaining term of Maintenance Agreement 1.

**Maintenance Agreement 2**

27. On or about December 19, 2005, Plaintiff, Global Signal Acquisitions LLC and Defendant, Nassau Broadcasting I, LLC entered into an agreement entitled "Maintenance Expense and Utilities Agreement" pursuant to which Plaintiff agreed to provide various maintenance services to Defendant for two (2) radio towers, the first located at 519 Court Street, Auburn, Maine and the second at 2836 Parade Road, Laconia, New Hampshire. A copy of said agreement is attached hereto as Exhibit 19 and incorporated herein as if set forth in full (hereafter "Maintenance Agreement 2").

28. Maintenance Agreement 2 has a term of 30 years and commenced on December 19, 2005.

29. Section 4.1 of Maintenance Agreement 2 requires an annual payment of $3,000.00 per site, for a total of annual payment of $6,000.00 to be paid by Nassau Broadcasting I, to Global Signal Acquisitions LLC, on December 19th of each year that the agreement is in effect.

30. Section 5.3 of Maintenance Agreement 2 provides that in the event of a dispute the prevailing party shall be entitled to costs and expenses including without limitation reasonable attorneys' fees.

31. Despite repeated requests by Plaintiff, Nassau Broadcasting I, LLC has failed to make the annual payments due under Maintenance Agreement 2, and currently owes Plaintiff $6,000.00 under Maintenance Agreement 2.

32. As a result of this breach, Nassau Broadcasting I, LLC currently owes Global Signal Acquisitions LLC $6,000.00 plus the balance due for the remaining term of Maintenance Agreement 2.

## Maintenance Agreement 3

33. On or about October 14, 2005, Plaintiff, Global Signal Acquisitions LLC and Defendant, Nassau Tower Holdings, LLC entered into an agreement entitled "Maintenance Expense and Utilities Agreement" pursuant to which Plaintiff agreed to provide various maintenance services to Defendant for two (2) radio towers the first located at 46 Clayton Road, Howell, New Jersey and the second at 1100-1122 Hamburg Avenue, Egg Harbor, New Jersey. A copy of said agreement is attached hereto as Exhibit 20 and incorporated herein as if set forth in full (hereafter "Maintenance Agreement 3").

34. Maintenance Agreement 3 has a term of 30 years and commenced on October 14, 2005.

35. Section 4.1 of Maintenance Agreement 3 requires an annual payment of $3,000.00 per site, for a total annual payment of $6,000.00 by Nassau Tower Holdings, LLC to Global Signal Acquisitions LLC, which is due on October 14th of each year that the agreement is in effect.

36. Section 5.3 of Maintenance Agreement 3 provides that in the event of a dispute the prevailing party shall be entitled to costs and expenses including without limitation reasonable attorneys' fees.

37. Despite repeated requests by Plaintiff, Nassau Tower Holdings, LLC has failed to make the annual payments due under Maintenance Agreement 3, and currently owes Plaintiff $18,000.00 under Maintenance Agreement 3.

38. As a result of this breach, Nassau Tower Holdings, LLC currently owes Global Signal Acquisitions LLC $18,000.00 plus the balance due for the remaining term of Maintenance Agreement 3.

**Maintenance Agreement 4**

39.     On or about October 14, 2005, Plaintiff, Global Signal Acquisitions LLC and Defendant, Nassau Tower Realty, LLC entered into an agreement entitled "Maintenance Expense and Utilities Agreement" pursuant to which Plaintiff agreed to provide various maintenance services to Defendant for two (2) radio towers the first located at 1015 Rt. 9, Berkeley Township, Ocean County, New Jersey and the second at 217 Witherspon Street, Princeton, Mercer County, New Jersey. A copy of said agreement is attached hereto as Exhibit 21 and incorporated herein as if set forth in full (hereafter "Maintenance Agreement 4").

40.     Maintenance Agreement 4 has a term of 30 years and commenced on October 14, 2005.

41.     Section 4.1 of Maintenance Agreement 4 requires an annual payment of $3,000.00 per site, for total annual payment of $6,000.00 payable by Nassau Tower Realty, LLC to Global Signal Acquisitions LLC, on October 14th of each year that the agreement is in effect.

42.     Section 5.3 of Maintenance Agreement 4 provides that in the event of a dispute the prevailing party shall be entitled to costs and expenses including without limitation reasonable attorneys' fees.

43.     Despite repeated requests by Plaintiff, Nassau Tower Realty, LLC has failed to make the annual payments due under Maintenance Agreement 4, and currently owes Plaintiff $18,000.00 under Maintenance Agreement 4..

44.     As a result of this breach, Nassau Tower Realty, LLC currently owes Global Signal Acquisitions LLC $18,000.00 plus the balance due for the remaining term of Maintenance Agreement 4.

## COUNT I

### BREACH OF CONTRACT
### UNDER THE EASEMENT AGREEMENT

45.     Plaintiff, Global Signal Acquisitions IV LLC realleges and incorporates by reference all preceding paragraphs as if set forth in full.

46.     At all times relevant, Plaintiff, Global Signal Acquisitions IV LLC fully complied with its obligations under the Easement Agreement.

47.     Plaintiff, Global Signal Acquisitions IV LLC has been and is now ready, willing, and able to perform under the Easement Agreement.

48.     Defendants refuse to execute the sixteen (16) easements required to be provided by Defendants under the Easement Agreement.

49.     Each easement required to be provided under the Easement Agreement is unique, and as such, Plaintiff is entitled to specific performance of the Easement Agreement.

## COUNT II

### BREACH OF CONTRACT
### UNDER THE MAINTENANCE AGREEMENTS

50.     Plaintiff, Global Signal Acquisitions LLC realleges and incorporates by reference all preceding paragraphs as if set forth in full.

51.     Defendants Nassau Tower Holdings, LLC, Nassau Broadcasting I, LLC and Nassau Tower Realty, LLC entered into four (4) agreements entitled "Maintenance and Utilities Agreement" with Plaintiff Global Signal Acquisitions LLC.

52.     Defendant Nassau Tower Holdings, LLC entered into one (1) Tower Agreement with Plaintiffs Global Signal Acquisitions LLC.

53. The Defendants have failed to make the annual payment due Plaintiff under the terms of each Maintenance Agreement.

54. Plaintiff Global Signal Acquisitions LLC has fully performed each and every action and thing required to be performed in accordance with the terms and conditions of the Maintenance Agreements.

55. Defendants have breached these agreements by failing and refusing to pay the sums due Plaintiff there under.

56. As a result of the breaches by Defendants under the Maintenance Agreements, Plaintiff Global Signal Acquisitions LLC has incurred and will incur damages in the amount of at least $200,000.00, plus interest, representing the sums now due and that will become due under the terms of four (4) separate Maintenance Agreements.

57. Plaintiff Global Signal Acquisitions LLC demands all sums due it under the Maintenance Agreements together with interest, costs and expenses including without limitation reasonable attorneys' fees. Plaintiff reserves the right to recalculate the amounts due and owing, consistent with any judgment rendered in its favor by this court.

### Count III

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

58. Plaintiffs Global Signal Acquisitions LLC and Global Signal Acquisitions IV LLC reallege and incorporate by reference all preceding paragraphs as if set forth in full.

59. There is implied in the Easement Agreement, and in each of the four (4) Maintenance Agreements, a covenant of good faith and fair dealing.

60. Under this covenant, Defendants agreed that they would, in good faith and in the exercise of fair dealing, work with Plaintiffs fairly and honestly and do nothing to impair, interfere with, hinder or potentially injure the rights of Plaintiffs to receive the benefits of the agreements between the parties. Defendants accepted a duty to honor these contractual obligations by entering into the aforesaid agreements.

61. Defendants have breached their covenant of good faith and fair dealing and failed to act in good faith with respect to the interests of Plaintiffs under the agreements specified herein, by *inter alia* failing to make payments when due or otherwise demanded, and by failing to provide 16 easements essential to the operation of Plaintiffs' businesses.

62. Defendants' breach of their duty of good faith and fair dealing has and will cause Plaintiffs to suffer both general and special damages in amounts not yet fully ascertained, but within the jurisdiction of this Court.

63. In breaching the covenant of good faith and fair dealing, Defendants have acted with malice, fraud and oppression, and in a reprehensible manner, for which Plaintiffs are entitled to recover exemplary damages from Defendants.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial in the above-entitled action.

**WHEREFORE,** Plaintiffs seek a judgment against the Defendants as follows:

(a) The Defendants be required to specifically perform all acts and things required to be performed by Defendants under the Easement Agreement;

(b) The Defendants be declared in breach under the terms of the four (4) Maintenance Agreements; that Defendants be required to pay damages to Plaintiff, Global Signal Acquisitions LLC equal to all amounts currently due and owing and to become due and owing as a result of the aforesaid breaches, which amount is at least $250,000.00 plus interest, costs and expenses;

(c) The Defendants be required to pay the costs and expenses of this action including without limitation attorneys' fees;

(d) The Defendants be required to pay exemplary damages in such amount as this Court may deem just, plus interest; and

(e) Granting such other and further relief as the Court may deem just and proper.

Dated: January 24, 2011

Respectfully submitted,

_____
David L. Snyder (5936)
SNYDER & SNYDER, LLP
94 White Plains Road
Tarrytown, NY 10591
(914) 333-0700

*Counsel for Plaintiffs*
*Global Signal Acquisitions LLC* and
*Global Signal Acquisitions IV LLC*