TIMOTHY R. SMITH, ESQ. ( 4798)
619 Alexander Road, Third Floor
Princeton, NJ  08540
Phone:  (609) 987-8899
Fax:  (609) 452-6017
**Counsel for Defendants**

| | |
|---|---|
| Global Signal Acquisitions LLC and Global Signal Acquisitions IV LLC<br><br>Plaintiffs,<br>vs.<br><br>Nassau Broadcasting Holdings Inc., Nassau Tower Holdings LLC, Nassau Tower Realty, LLC and Nassau Broadcasting I LLC<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT COURT OF NEW JERSEY<br><br>Case No. 3:11-CV-00597-JAP-LHG<br><br>ANSWER AND COUNTERCLAIM |

## ANSWER AND COUNTERCLAIM

The Defendants, Nassau Broadcasting Holdings, LLC, Nassau Tower Holdings, LLC, Nassau Tower Realty, LLC, and Nassau Broadcasting I, LLC, by of answer to the Plaintiffs' complaint, say as follows:

1. The allegations contained in Paragraph 1 of the Plaintiffs' complaint are admitted.

2. The allegation that the Plaintiff, Global Signal Acquisition LLC is a Delaware limited liability company had has its principal place of business in Pennsylvania is admitted. The allegation that for diversity purposes Plaintiff is a citizen of Pennsylvania is denied.

3. The allegation that the Plaintiff, Global Signal Acquisition IV, LLC is a Delaware limited liability company had has its principal place of business in Pennsylvania is admitted. The allegation that for diversity purposes Plaintiff is a citizen of Pennsylvania is denied.

- 1

4. The allegation that the Plaintiffs are duly formed and validly existing limited liability companies are admitted. The allegation that no members are residents of New Jersey is denied as the Defendants lacks knowledge or information sufficient to form a belief about the truth of this allegation.

5. The allegations contained in Paragraph 5 of the Plaintiffs' complaint are admitted.

6. The allegations contained in Paragraph 6 of the Plaintiffs' complaint are admitted.

7. The allegations contained in Paragraph 7 of the Plaintiffs' complaint are admitted.

8. The allegations that Nassau Broadcasting I, LLC was formed in New Jersey is denied. Its principal place of business is admitted. The allegation that for diversity purposes Nassau Broadcasting I, LLC is a New Jersey citizen is admitted.

9. The allegation that the amount in controversy exceeds $75,000.00 is admitted, but it is denied that there is diversity of citizenship.

10. The allegations contained in Paragraph 10 of the Plaintiffs' complaint are admitted.

11. The allegations contained in Paragraph 11 are admitted in part, and denied in part. It is admitted that a letter agreement between the parties concerning the granting of 16 easements was proposed, however, the balance of the allegations are denied.

12. The allegations contained in Paragraph 12 of the Plaintiffs' complaint are denied.

13. The allegations contained in Paragraph 13 of the Plaintiffs' complaint are denied.

14. It is admitted that <u>Exhibit B</u> identifies the site address and state, and where each of the proposed easements are located. It is denied there was an agreement.

15. It is admitted that <u>Exhibit C</u> identifies the Plaintiffs' proposed purchase price for each easement and to which Defendant is the owner of the property. It is denied that there is an agreement to those purchase prices.

16. The allegations contained in Paragraph 16 of the Plaintiffs' complaint are denied.

17. The allegations contained in Paragraph 17 of the Plaintiffs' complaint are denied.

18. The allegations contained in Paragraph 18 of the Plaintiffs' complaint are denied.

19. The allegations contained in Paragraph 19 of the Plaintiffs' complaint are admitted.

20. The allegations contained in Paragraph 20 of the Plaintiffs' complaint are admitted.

### Maintenance Agreement 1

21. The allegations contained in Paragraph 21 of the Plaintiffs' complaint are admitted.

22. The allegations contained in Paragraph 22 of the Plaintiffs' complaint are admitted.

23. The allegations contained in Paragraph 23 of the Plaintiffs' complaint are admitted.

24. The allegations contained in Paragraph 24 of the Plaintiffs' complaint are admitted.

25. The allegations contained in Paragraph 25 of the Plaintiffs' complaint are admitted.

26. The allegations contained in Paragraph 26 of the Plaintiffs' complaint are denied.

## Maintenance Agreement 2

27. The allegations contained in Paragraph 27 of the Plaintiffs' complaint are admitted.

28. The allegations contained in Paragraph 28 of the Plaintiffs' complaint are admitted.

29. The allegations contained in Paragraph 29 of the Plaintiffs' complaint are admitted.

30. The allegations contained in Paragraph 30 of the Plaintiffs' complaint are admitted.

31. The allegations contained in Paragraph 31 of the Plaintiffs' complaint are admitted.

32. The allegations contained in Paragraph 32 of the Plaintiffs' complaint are denied.

## Maintenance Agreement 3

33. The allegations contained in Paragraph 33 of the Plaintiffs' complaint are admitted.

34. The allegations contained in Paragraph 34 of the Plaintiffs' complaint are admitted.

35. The allegations contained in Paragraph 35 of the Plaintiffs' complaint are admitted.

36. The allegations contained in Paragraph 36 of the Plaintiffs' complaint are admitted.

37. The allegations contained in Paragraph 37 of the Plaintiffs' complaint are admitted.

38. The allegations contained in Paragraph 38 of the Plaintiffs' complaint are denied.

## Maintenance Agreement 4

39. The allegations contained in Paragraph 39 of the Plaintiffs' complaint are admitted.

40. The allegations contained in Paragraph 40 of the Plaintiffs' complaint are admitted.

41. The allegations contained in Paragraph 41 of the Plaintiffs' complaint are admitted.

42. The allegations contained in Paragraph 42 of the Plaintiffs' complaint are admitted.

43. The allegations contained in Paragraph 43 of the Plaintiffs' complaint are admitted.

44. The allegations contained in Paragraph 44 of the Plaintiffs' complaint are denied.

## Count I

45. All the Defendants restate all of those answers to Paragraphs 1 through 44 as if set forth in full here.

46. The allegations contained in Paragraph 46 of the Plaintiffs' complaint are denied.

47. The allegation that the Plaintiffs have been ready, willing, and able to perform are admitted. The allegation that there is an "Easement Agreement" is denied.

48. The allegations contained in Paragraph 48 of the Plaintiffs' complaint that the Defendant refused to execute the easement is admitted. The allegation that there was an "Easement Agreement" is denied.

49. The allegations contained in Paragraph 49 of the Plaintiffs' complaint are admitted in part and denied in part; it is admitted that the proposed easements are unique but denied there was an easement agreement.

## Count II

50. All the Defendants restate all of those answers to Paragraphs 1 through 49 as if set forth in full here.

51. The allegations contained in Paragraph 51 of the Plaintiffs' complaint are admitted.

52. The allegations contained in Paragraph 52 of the Plaintiffs' complaint are admitted.

53. The allegations contained in Paragraph 53 of the Plaintiffs' complaint are admitted.

54. The allegations contained in Paragraph 54 of the Plaintiffs' complaint are admitted.

55. The allegations contained in Paragraph 55 of the Plaintiffs' complaint are denied.

56. The allegations contained in Paragraph 56 of the Plaintiffs' complaint are denied.

57. The allegations contained in Paragraph 57 of the Plaintiffs' complaint are admitted.

## Count III

58. All the Defendants restate all of those answers to Paragraphs 1 through 57 as if set forth in full here.

59. The allegations contained in Paragraph 59 of the Plaintiffs' complaint are that there is an implied covenant of good faith and fair dealing in the Maintenance Agreements is admitted. It is denied there is an Easement Agreement.

60. The allegations contained in Paragraph 60 of the Plaintiffs' complaint are denied as to the alleged Easement Agreement, but admitted as to the Maintenance Agreements. In addition, all of those allegations are legal conclusions of law.

61. The allegations contained in Paragraph 61 of the Plaintiffs' complaint are denied.

62. The allegations contained in Paragraph 62 of the Plaintiffs' complaint are denied.

63. The allegations contained in Paragraph 63 of the Plaintiffs' complaint are denied.

WHEREFORE, the Defendants request that this Court enter a judgment:

(a) dismissing Plaintiff's complaint; and

(b) such further and additional relief as the Court deems just and appropriate.

### First Affirmative Defense

1. On or about May 2, 2008, the Plaintiffs sent the Defendants a written proposed "Easement Agreement."

2. The proposed Easement Agreement was rejected on or about May 8, 2008. The Defendants sent a counter-proposal to the Plaintiffs.

3. Thereafter, the Defendants were informed by email from an agent of the Plaintiffs' that the counter-proposal was accepted but at no time until November 18, 2010 did the Plaintiffs provide Defendants with a signed acceptance of the counter-offer.

4. The written counter-offer required the Plaintiffs accept the counter-offer in writing within a reasonable period of time.

5.  The failure to provide the Defendants with written acceptance of the counter-offer until December 2010 was unreasonable and therefore there is no valid "Easement Agreement."

### Second Affirmative Defense

6.  In the alternative, on February 6, 2009, the parties agreed that closing under the Easement Agreement should take place on or before November 30, 2009.

7.  The parties did not close the transaction before November 30, 2009, and as a result, the Agreement of Sale lapsed.

### Third Affirmative Defense

8.  This Court lacks subject matter jurisdiction over this matter as the Plaintiffs and Defendants are not citizens of diverse states within the meaning of 28 U.S.C.A. §1332.

### Fourth Affirmative Defense

9.  The complaint fails to state a claim upon which relief can be granted.

### Counterclaim
### Count I

1.  On or about October 14, 2005, the Plaintiffs and Defendant closed on a transaction pursuant to which radio communications towers owned by the Defendants were sold to the Plaintiffs and leases for use of the ground underneath the towers were entered into and the Defendant, Nassau Broadcasting I, LLC ("NBI") entered into leases for space on the towers sold to Plaintiffs.

2.  As part of that transaction, Defendant, NBI, agreed to execute a lease amendment to a lease previously held by Plaintiffs and to enter into a new lease on a tower in Philadelphia owned by the Plaintiffs. Both the amendment to the existing lease and the new lease were to provide Plaintiffs with an additional $60,000 tower rent per annum.

3.  The amendment was thereafter executed as provided in the agreement.

4. On or about September 26, 2006, the Defendant, NBI, entered into an agreement with the Plaintiffs whereby the Plaintiffs agreed that if the Defendant, NBI, would obtain an additional sum of money per month in excess of the current $5,000 per month for the use of the space on the Philadelphia tower by the buyer of NBI's radio station located on that tower, the Defendants would provide the Defendant, NBI, with a credit of such additional sums against its other existing leases.

5. On November 15, 2006 the Defendant, NBI, entered into a new lease with Plaintiffs in the base amount of Twelve Thousand Dollars ($12,000) per month, effective February 1, 2007, and assigned that lease to the buyer of NBI's radio station. As a result, NBI is entitled to a credit of the difference between the original lease amount and the new lease amount.

6. On February 1, 2007, the buyer commenced making the payments under the lease.

7. Despite repeated requests and demands, the Plaintiffs have failed and refused to provide Defendant, NBI, with the credit as agreed.

WHEREFORE, the Defendant, NBI, requests judgment against the Plaintiffs:

(a) in the amount of $370,800.38 through 3/1/11; and

(b) any additional monthly amount accruing thereafter; and

(c) interest on such sums; and

(d) costs of this action; and

(e) such further and additional relief as the Court deems just and appropriate.

### Count II

1. Defendant, Nassau Tower Holdings, LLC ("NTH") and Defendant Nassau Tower Realty, LLC ("NTR") own certain real property located in Pennsylvania and New Jersey.

2. Defendant, NTH, as Landlord, entered into six (6) Lease Agreements with Plaintiff, Global Signal Acquisitions, LLC, as Tenant, on October 14, 2005 (the "NTH Lease Agreements").

3. Defendant, NTR, as Landlord, entered into one (1) Lease Agreement with Plaintiff, Global Signal Acquisitions, LLC, as Tenant, on October 14, 2005 (the "NTR Lease Agreement(s)").

4. The NTH Lease Agreements and NTR Lease Agreement requires the Plaintiff, Global Signal Acquisitions, LLC, among other things, to pay a certain portion of the real estate taxes assessed against each of the leased premises.

5. Plaintiff, Global Signal Acquisitions, LLC has failed to pay Defendant, NTH, real estate taxes in the amount of Sixty Seven Thousand Three Hundred Eight Five Dollars and 36/100 ($67,385.36) as required by NTH Lease Agreements.

6. In addition, Plaintiff, Global Signal Acquisitions, LLC has failed to pay Defendant, NTR, real estate taxes in the amount of Thirty Two Thousand Two Hundred Three Dollars and 43/100 ($32,203.43).

WHEREFORE, the Defendants, NTR and NTH, request judgment against the Plaintiffs:

(a) in the amount of $99,588.79 through 3/1/11; and

(b) any additional monthly amount accruing thereafter; and

(c) interest on such sums; and

(d) costs of this action; and

(e) such further and additional relief as the Court deems just and appropriate.

Dated: _____3/15/11_____

                                    Respectfully submitted,

                                    _____
                                    TIMOTHY R. SMITH, ESQ. (4798)
                                    619 Alexander Road, Third Floor
                                    Princeton, NJ  08540
                                    Phone:  (609) 987-8899
                                    Fax:  (609) 452-6017
                                    Counsel for Defendants