David L. Snyder (5936)
SNYDER & SNYDER, LLP
94 White Plains Road
Tarrytown, NY 10591
(914) 333-0700
*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

------------------------------------------------------------X
:
GLOBAL SIGNAL ACQUISITIONS LLC  and   :   Case No. 3:11-CV-00597-JAP-LHG
GLOBAL SIGNAL ACQUISITIONS IV LLC,    :
:
                     Plaintiffs,                    :
    - against -                                     :   **DECLARATION OF**
:   **DAVID l. SNYDER, ESQ.**
NASSAU BROADCASTING HOLDINGS INC.,    :   **IN OPPOSITION TO**
NASSAU TOWER HOLDINGS LLC, NASSAU     :   **MOTION TO VACATE**
TOWER REALTY LLC, and NASSAU          :   **SETTLEMENT and ORDER**
BROADCASTING I, LLC                   :
:   ECF Case
                     Defendants.                   :   Filed Electronically
:
------------------------------------------------------------X

## DECLARATION OF DAVID L. SNYDER, ESQ.

**DAVID L. SNYDER**, an attorney duly admitted to practice before the Federal and State Courts of the State of New Jersey declares the following under penalty of perjury:

### Introduction

1. I make this Declaration in Opposition to the Motion by three (3) of the above named defendants, NASSAU BROADCASTING HOLDINGS INC., NASSAU TOWER HOLDINGS LLC and NASSAU TOWER REALTY LLC to vacate both the Joint

        Stipulation and Order of Settlement signed by this Honorable Court and entered on December 20, 2011, and the accompanying Order of Dismissal signed by this Honorable Court on November 17, 2011.

2. NASSAU BROADCASTING I, LLC, the fourth of the above named defendants, has not joined in the instant motion to vacate.

3. At the outset, it is critical to note that there are two (2) Joint Stipulations and Orders of Settlement in this matter. The first, was signed and entered by this Honorable Court on November 18, 2011. The second, was signed by this Honorable Court on December 19, 2011, and entered by the Clerk of the Court on December 20, 2011.

4. The reason for the two (2) settlements is simple: NASSAU BROADCASTING I, LLC and its affiliated entity, NASSAU BROADCASTING HOLDINGS INC., are the subject of an ongoing Chapter 11 Bankruptcy Proceeding before the United State Bankruptcy Court for the District of Delaware (Case No. 11-12934). As such, the November 18, 2011 settlement involving the assets or interests of these entities requires Bankruptcy Court approval pursuant to Rule 9019 of the Federal Rules of Bankruptcy. The Bankruptcy Court has scheduled a hearing on June 7, 2012 to consider approving the November 18, 2011 Joint Stipulation and Order of Settlement.

5. Since some, but not all, of the defendants in this matter were subject to oversight by the Bankruptcy Court, counsel for the parties agreed that two (2) Joint Stipulations and Orders of Settlement would be prepared – with only one the settlement and order dated November 18, 2011 being subject to approval by the Bankruptcy Court.

6. The Joint Stipulation and Order of Settlement signed and entered on November 18, 2011, which involved only Defendants NASSAU BROADCASTING I, LLC and NASSAU BROADCASTING HOLDINGS INC., is subject to approval by the Bankruptcy Court.

7. The second Joint Stipulation and Order of Settlement, signed by this Honorable Court on December 19, 2011, and entered by the Clerk of the Court on December 20, 2011 concerned the remaining defendants NASSAU TOWER HOLDINGS, LLC and NASSAU TOWER REALTY, LC. These entities and the December 20, 2011 stipulation are not subject to the jurisdiction of the Bankruptcy Court.

### There Are Serious Inconsistencies in the Motion to Vacate

8. The above chronology and genesis of the two (2) Joint Stipulations and Orders of Settlement in this matter, are important not only to appreciate the procedural predicate which prompted the dual settlement approach, but to also highlight a *serious inconsistency* in the instant motion papers which seek to vacate *one* (but not both) of the Joint Stipulations and Orders of Settlement in this matter.

9. In particular, the attention of this Honorable Court is respectfully directed to the fact that: (i) the May 2, 2012 Notice of Motion now before the Court, states that it seeks an "Order vacating and setting aside the Joint Stipulation and Order of Settlement Entered on **December 20, 2011** (emphasis supplied);" while (ii) the signed (but undated) Declaration of Louis F. Mercatanti ("Mercatanti Dec.") incongruously states that it is submitted in support of the motion to vacate "the **November 18, 2011** Joint Stipulation and Order of Settlement in this Matter (emphasis supplied)." (Mercatanti Dec., ¶ 3).

10. The paradox thus presented, is that while the Motion to Vacate is addressed to the December 20, 2011 Joint Stipulation and Order of Settlement, the Declaration of Louis Mercatanti is not.

11. The motion to vacate and Mr. Mercatanti's purported declaration of support, involve two different Stipulations of Settlement, and fail to provide a rational explaining why this divergent and inconsistent effort provides a basis upon which this Honorable Court should exercise the equitable powers reserved to it under Federal Rules of Civil Procedure Rule 60(b).

## The Joint Stipulations and Orders of Settlement Reflect Months of Arm's Length Negotiations

12. Both of the Joint Stipulations and Orders of Settlement in this matter reflect months of diligent effort by counsel for the parties. These efforts were aided by the involvement and settlement skills of respected jurists Magistrate Lois Goodman, and Hon. Justice Stewart G. Pollock (Ret.), the mediator who inspired the parties to settle this case.

13. In particular, shortly after this case was filed, the parties appeared before Magistrate Goodman who assessed the competing claims of the litigants and suggested the parties consider mediating their differences. After some coaxing, the parties agreed to mediate their dispute.

14. Thereafter, following the recommendation of Magistrate Goodman, the parties agreed to mediate their dispute before Justice Pollock. The efforts of Justice Pollock proved successful, and resulted in the Joint Stipulations and Orders of Settlement which were signed and entered by this Honorable Court.

15. During each of the proceedings before Magistrate Goodman and Justice Pollock, counsel for the defendants, attorney Timothy R. Smith, took pains to explain the possibility that

4

one or more of his clients might file for or be forced into bankruptcy. Attorney Smith explained how bankruptcy might impact a settlement, how it might complicate the process for settling the case, and why bankruptcy was a factor that could not be ignored.

16. Attorney Smith was well prepared at the meetings with Magistrate Goodman and Justice Pollock. Attorney Smith was also clearly aware of the degree to which bankruptcy concerns were a factor in the settlement discussions, and acquitted himself well in elucidating these concerns for myself, for Magistrate Goodman and for Justice Pollock.

17. I have no reason to believe that Magistrate Goodman or Justice Pollock disagree with my assessment of the professionalism evidenced by Attorney Smith in this matter.

### Mr. Mercatanti is Asking the Court to Intervene in An Argument He is having with Himself

18. The Declaration of Louis F. Mercatanti states that he directly or indirectly owns or controls all the Defendants in this action. (Mercatanti Dec., ¶1-2). There is no claim by Mr. Mercatanti that innocent third parties where somehow compromised by the settlement Mr. Mercatanti seeks to vacate.

19. Throughout his Declaration, Mr. Mercatanti relies on a series of speculative allegations, unsupported conclusions, and vague financial contingencies which he suggests might have prompted him to structure the settlement differently or avoid it entirely had he been apprised of his counsel's alleged conflict of interest (Mercatanti Dec., ¶18).

20. The speculative nature of the Mercatanti Declaration is well illustrated by his statements that he "hoped and anticipated" (Mercatanti Dec., ¶8) that the "unknown" (*Id.*) outcome of his negotiations to secure financing to buy-back certain radio towers from Goldman Sachs was included certain elements of the financing, such as "finder's fees" that he was counting on, but which were "not definitively established" (*Id.*) and that these uncertain

efforts to "line up financing" (*Id.*, at ¶12), were somehow impacted by the purported failure of Attorney Smith to discuss the conflict of interest resulting from the bankruptcy filing, and thus "completely and dramatically" (*Id.*, at ¶15) changed the valuation of the assets Mr. Mercatanti would either buy-back or sell in connection with the bankruptcy. What is clear from Mr. Mercatanti's declaration is that the relief he is seeking is based on an alleged harm which arises from conjecture, speculation, and vague contingencies.

21. Mr. Mercatanti does admit however, that when this action was filed "Mr. Smith advised me orally of potential conflicts of the entities at that time, but it was agreed that the interests of all four Defendants were largely aligned, so it was decided that we would proceed with Mr. Smith representing all four Defendants. (Mercatanti Dec., ¶10). Thus, according to the Mercatanti Declaration the potential for conflicts of interests, were very much on the mind of Attorney Smith, and Mr. Mercatanti.

22. The Mercatanti Declaration shows him to be an individual who early on, was advised of the potential for conflicts, and who is now having second thoughts about the settlement entered by the Defendants in this action (all of whom are owned and controlled by Mr. Mercatanti). These second thoughts are being fuelled by hypothetical events and speculative outcomes in the past that Mr. Mercatanti now wishes to revisit.

23. In essence, the Motion to Vacate and the Mercatanti Declaration are asking this Honorable Court to intervene in an argument Mr. Mercatanti is having with himself over the business aspects of the settlement he authorized, which was signed by his chosen counsel and approved by this Honorable Court.

## Conclusion

24. Because there is no basis in law or equity for the relief Mr. Mercatanti seeks, the Motion to Vacate now pending before this Honorable Court must be denied in its entirety with prejudice.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is a true and correct to the best of my knowledge and belief.

Very respectfully submitted

_____
David L. Snyder, Esq. (5936)
*Counsel for Plaintiffs*

Dated: May 18, 2012

## Certification of Service

I, David L. Snyder, hereby certify that, I caused one copy of this Declaration, and the Brief In Opposition to the Motion to Vacate, to be electronically filed as follows:

https://ecf.njd.uscourts.gov/cgi-bin/login.pl

A PDF version of each of the forgoing filings will as a result be served electronically through the electronic filing system to all counsel of record in this matter at the email address(es) on file with the Court.


                                    s/ David L. Snyder (5936)
                                    David L. Snyder

Dated: May 18, 2012

\\server3\D\SSDATA\WPDATA\SS2\DLS\Crown\Nassau Broadcasting\Motion to Vacate\DLS Affirmation.docx